IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:15-CV-146-BO

| | | |
|---|---|---|
| SADIE B. TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| CAROLYN COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on parties' cross motions for judgment on the pleadings. [DE 17, 20]. A hearing was held in Elizabeth City, North Carolina, on May 19, 2016. For the reasons detailed below, this matter is remanded for further proceedings.

## BACKGROUND

On December 1, 2011, plaintiff filed for a period of disability, disability insurance benefits, and supplemental security income alleging an onset date of October 1, 2010. [Tr. 161–65]. The claim was denied initially and upon reconsideration. A video hearing was held before an Administrative Law Judge (ALJ) on February 6, 2014. *Id.* The ALJ issued an unfavorable decision on March 24, 2014. [Tr. 14–22]. The Appeals Council denied a request for review, and the ALJ's decision became the final decision of the Commissioner, on June 16, 2015. [Tr. 1]. Plaintiff then sought review in this Court.

Plaintiff was 48 years old at her alleged onset date. Plaintiff completed high school (though she claims functional illiteracy) and has past relevant work as an inventory clerk. Plaintiff has lumbar degenerative disc disease, chronic obstructive pulmonary disease, right knee degenerative joint disease, bipolar disorder, and generalized anxiety disorder. [Tr. 16].

DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the Court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

To find a claimant disabled, an ALJ must conclude that the claimant satisfies each of five steps. 20 C.F.R. § 404.1520(a)(4). First, a claimant must not be able to work in a substantial gainful activity. *Id.* Second, a claimant must have a severe physical or mental impairment or combination of impairments. *Id.* Third, a claimant's impairment(s) must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, a claimant must not have the residual functional capacity to meet the demands of claimant's past relevant work. *Id.* Finally, the claimant must not be able to do any other work, given the claimant's residual functional capacity, age, education, and work experience. *Id.* The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ found that plaintiff has not engaged in substantial gainful employment since October 1, 2010. [Tr. 16]. Next, the ALJ determined that plaintiff's lumbar degenerative disc disease, chronic obstructive pulmonary disease (COPD), right knee degenerative joint disease, bipolar disorder, and generalized anxiety disorder were severe impairments. *Id.*

2

However, none of plaintiff's impairments or combination of impairments met or equaled a listing. *Id.* The ALJ found that plaintiff was capable of performing light work, including lifting and carrying up to 20 pound occasionally and 10 pounds frequently and standing, walking, and sitting for six hours in an eight-hour work day, though plaintiff was limited to only occasionally climbing/crouching/crawling/kneeling/stooping/balancing and must avoid pulmonary irritants and interact with the public only occasionally. [Tr. 18]. Finally, the ALJ concluded that plaintiff was capable of performing her past relevant work as an inventory clerk. [Tr. 21]. Accordingly, the ALJ found that plaintiff was not disabled since October 1, 2010. *Id.* Plaintiff now seeks review of the ALJ's determination.

Plaintiff argues primarily that the ALJ erred in not giving controlling weight to plaintiff's treating psychiatrist, Dr. Linda Graham. The opinion of a treating physician must be given controlling weight if it is not inconsistent with substantial evidence in the record and may be disregarded only if there is persuasive contradictory evidence. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987); *Mitchell v. Schweiker*, 699 F.2d 185 (4th Cir. 1983). An ALJ must provide specific reasons for the weight given to a treating physician's opinion. SSR 96-2p.

Here, the ALJ did not even mention Dr. Graham, much less give her findings controlling weight. Most saliently, perhaps, is the instance in the decision wherein the ALJ cited two GAF scores that plaintiff had been assigned: a 48 which the ALJ gave little weight and a 60, which the ALJ found more credible. The ALJ did not discuss, however, the corroborative findings by Dr. Graham. [Tr. 309, 486]. Indeed, on four separate occasions, Dr. Graham found that plaintiff had a GAF of 49. [Tr. 489, 469, 467, 492].[1] Nevertheless, Dr. Graham went unmentioned by the ALJ. The Court finds that this was in error.

---

[1] Only the first three findings were before the ALJ, but the fourth was later submitted and was part of the record before the Appeals Council when it decided to deny review. [Tr. 5, 492].

3

Moreover, the discussion of the GAF score of 48 that the ALJ did cite is internally inconsistent. The ALJ noted that he afforded the GAF of 48 little weight in part because such a low score would "indicate[] that the claimant has serious symptoms (e.g., suicidal ideation"—implicitly finding that plaintiff did not have such "serious symptoms." [Tr. 20]. This reasoning is troubling because the same assessment that included the GAF of 48 also stated, a few pages earlier, that plaintiff had a recent suicide attempt in which she overtook pain pills, as well as seven earlier suicide attempts. [Tr. 472–86]. The ALJ's analysis reveals that not only were these attempts not considered in the analysis, but, in fact, the erroneous conclusion that plaintiff had no suicidal ideation (much less actual suicide attempts) was held against her in that it led the ALJ to discount compelling evidence of impairment. The Court finds that this was in error.

Finally, the Court finds that the ALJ overly credited plaintiff's work as a home health aide. The ALJ noted that plaintiff was "performing work at close to substantial gainful activity levels," but the record does not bear this out. [Tr. 19]. As plaintiff testified at the hearing, she was not actually employed by the woman she tended to as a home health aide; instead, she was employed by a program called Easter Seals.[2] [Tr. 31]. Plaintiff testified that she was referred to the Easter Seals program because of her limitations and learning disability. [Tr. 38]. The program compensates plaintiff to tend to an elderly individual for twenty hours a week. [Tr. 31]. Plaintiff clarified at the hearing that her role is different from that of the woman who "actually takes care of [the] client" and that she required the assistance of her Easter Seals boss to complete her employee reports and paperwork. [Tr. 34, 38].

---

[2] Easter Seals is a non-profit organization which provides services to help children and adults with disabilities and special needs. Frequently Asked Questions, http://www.easterseals.com/who-we-are/faqs/ (last visited June 16, 2016). Plaintiff's particular branch of Easter Seals "enables people with disabilities to not only earn a sustainable wage but also give back to their communities," and features one-on-one assistance at the job site. [DE 18-1]. While the Court recognizes that the issue of whether an individual is disabled is reserved to the Commissioner, it finds that plaintiff's employment is not the same as work in the national economy. SSR 96-5p.

For all the above reasons, the Court finds that the ALJ's determination that plaintiff was not disabled is not supported by substantial evidence.

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one which "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F.Supp. 230, 236 (E.D.N.C. 1987). Remand, rather than reversal, is required when the Court is precluded from "meaningful review." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013) (citing *Kastner v. Astrue*, 697 F.3d 642, 648 (7th Cir. 2012) ("If a decision lacks evidentiary support or is so poorly articulated as to prevent meaningful review, a remand is required.") (internal quotation marks omitted)). Upon remand in the instant matter, the Commissioner is to: consider all the records from Dr. Linda Graham; consider plaintiff's GAF scores in light of the near-contemporaneous suicide attempt; consider plaintiff's present work in its proper context; and consider plaintiff's SSI claim as well as her disability insurance benefits claim.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings is GRANTED [DE 17], defendant's motion for judgment on the pleadings is DENIED [DE 20], and the matter is REMANDED to the Commissioner for further proceedings consistent with this decision.

SO ORDERED, this ___ day of June, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE